# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY GOFF COHEN. | Civ. A. No. 2:20-cv-20420 (BRM) (CLW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| GOD, | |
| Defendant. | |

Before this Court is *pro se* prisoner Tammy Goff-Cohen's ("Plaintiff") Amended Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 3, "Am. Compl.".) Based on her affidavit of indigence (ECF No. 3-1), the Court previously granted her leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint. (ECF No. 4.)

At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Amended Complaint should be dismissed.

In her Amended Complaint, Plaintiff names God as the sole Defendant. (Am. Compl. at 2.) Plaintiff alleges God "allowed complete control to the corrupt oppressive racist hypocrites who are incompetent in taking care of the people's needs and maintaining the laws that God gave us." (*Id.*) Plaintiff argues God allowed these individuals to "bend the laws and serve the rich for monetary gain." (*Id.* at 2-3.) Plaintiff submits "there is only one judge on earth and that is the messiah Jesus Christ who is a living person who has come to save the people from the broken system we call our 'Government.'" (*Id.* at 3.) Plaintiff claims people have been poisoned by the

government through food, water, environment, toxic chemicals, entertainment, and medicine. (*Id.* at 4.) Plaintiff seeks equal rights for everyone. (*Id.* at 3-4.)

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Here, the allegations raised in the Amended Complaint are being brought against God as the sole defendant. Plaintiff does not allege any violation of a constitutional right was caused by "a person" acting under color of state law. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Although Plaintiff names God as the sole defendant and makes a conclusory statement that God allowed complete control to corrupt government officials, she does not explain how God is personally involved in any corruption by government officials who "take care of people's needs and maintain[] laws God gave us." Hence, Plaintiff fails to list a proper defendant and the Amended Complaint is deficient.

Additionally, Plaintiff fails to state a claim upon which § 1983 relief can be granted. Plaintiff submits government officials are "corrupt, oppressive, racist hypocrites." (Am. Compl. at 2.) Plaintiff also submits people have been poisoned by the government through "food, water, environment, toxic chemicals, entertainment and medicine." (*Id.* at 4.) Plaintiff does not cite to any specific facts, government officials, or individuals effected. Plaintiff makes conclusory allegations and offers no specific factual support, which is insufficient under *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Therefore, for the reasons stated herein, the Amended Complaint is dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.[1] In light of her *pro se* status, the Court will grant Plaintiff an opportunity to move to re-open this case and to file a second amended complaint which addresses the deficiencies identified in this Memorandum Opinion. An appropriate order follows.

Dated: July 7, 2021

> */s/ Brian R. Martinotti*
> **HON. BRIAN R. MARTINOTTI**
> **UNITED STATES DISTRICT JUDGE**

---

[1] To the extent she intended to raise any state law claims, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3).